UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: TBA

MALCOLM JONES

    Plaintiff

-v-

SELECT PORTFOLIO SERVICING, U.S.
BANK NATIONAL ASSOCIATION and
SIROTE & PERMUTT, P.C.,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES**
**JURY TRIAL DEMANDED**

COMES NOW, the Plaintiff, MALCOLM JONES, and sues SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692, *et seq*.; and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI); for damages for violation of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; and for damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641 et seq. These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2.      This is an action for damages which exceed $275,000.00.

**PARTIES**

3.      Plaintiff, MALCOLM JONES ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Palm Beach, Florida.

4.      Defendant, SELECT PORTFOLIO SERVICING, is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) and a Servicer under 12 U.S.C. §2605 doing business in Florida that regularly collects on notes. SELECT PORTFOLIO SERVICING has designated CORPORATION SERVICE COMPANY as registered agent located at 1201 HAYS STREET, TALLAHASSEE, FL 32301.

5.      Defendant, U.S. BANK NATIONAL ASSOCIATION, is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes. U.S. BANK NATIONAL ASSOCIATION is located at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

6.      Defendant, SIROTE & PERMUTT, P.C., is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) and a Florida Law Office that regularly collects on notes, doing business in Florida. SIROTE & PERMUTT, P.C. is located at 200 East Broward Boulevard, Suite 900, Fort Lauderdale, FL 33301.

7.      Defendant, SIROTE & PERMUTT, P.C., is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes.

8.      Defendants regularly use the United States Postal Service in the collection of consumer debt.

9.      Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as that term is defined in the FDCPA.

10. At all times material to the allegation of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. Plaintiff contends that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

12. Defendants acting within the scope of their employment are vicariously liable for the actions of their respective employers. *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)*.

13. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for addressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred on a note.

15. This action is filed based on Plaintiff sending the Defendant SELECT PORTFOLIO SERVICING a QUALIFIED WRITTEN REQUEST (QWR) and REQUEST FOR INFORMATION (RFI) pursuant to 12 C.F.R. § 1024.36 (Exhibit 1).

16. Defendant SELECT PORTFOLIO SERVICING did become the Servicer of Plaintiff's note and mortgage while the Plaintiff was allegedly in default.

17. Defendant SELECT PORTFOLIO SERVICING mailed a response to Plaintiff's RFI which did not include the payment history, a payoff amount, a copy of the assignment and a copy of the Note.

18. Through information and belief, the Plaintiff must allege that the REQUEST OF INFORMATION is a QULAIFIED WRITTEN REUEST (QWR) as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)].

19. Through information and belief, the Plaintiff's QWR/RFI had the actual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1) copy of the Mortgage, Call notes, among other things; nor did the response address or even acknowledge Plaintiff's request for the name of then owner of the Mortgage Loan as required by §6(e)(1) of RESPA [12 U.S.C. §2605(e)(1). This letter was sent by MALCOLM F. JONES, attorney for Plaintiff (See Exhibit 1).

20. The Defendant SELECT PORTFOLIO SERVICING did not timely respond to the QWR/RFI.

21. Instead SELECT PORTFOLIO SERVICING did state that the reason for its failure to timely respond to Plaintiff RFI/QWR was that there was an ongoing foreclosure case and so the Defendant need not respond to Plaintiff's request. This statement is deceptive and misleading. The least sophisticated consumer would believe that those consumers in foreclosure have no rights under RESPA and TILA. This notice is contrary to the spirit of the WALL STREET REFORM ACT OF 2009 (Dodd-Frank Act) the TRUTH IN LENDING ACT (TILA) and the FDCPA (Exhibit "2").

22. This response was sent directly to the Plaintiff and not to his counsel of record MALCOLM F. JONES which violated the FDCPA section **15 U.S.C. §1692c(a)(2).**

23. SELECT PORTFOLIO SERVICING knew that the Plaintiff was represented by counsel and says so in the response (See Exhibit "3").

24. U.S. BANK NATIONAL ASSOCIATION has responded stating that they are not the owner's of the note and that a party unknown to Plaintiff is the owner of the note (Exhibit "4"). Nowhere in the letter does U.S. BANK NATIONAL ASSOCIATION state exactly who the holder of the note is.

25. Defendant SIROTE & PERMUTT, P.C. filed or caused to be filed on May 29th, 2013, within the last two (2) years.

26. Defendant SIROTE & PERMUTT, P.C. did overshadow the Plaintiff's right to dispute the debt by issuing a state court complaint and summons in the mortgage foreclosure action which gave the Plaintiff only twenty (20) days to respond to the debt collection activities of defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C..

27. Section 1692g titled "Validation of debts" sets forth the notice requirements, including the necessity of an initial communication. Within five days after the initial communication, written notice must be given and contain the information listed in §1692g(a), unless already contained in the initial communication.

28. Plaintiff alleges that the Defendant SIROTE & PERMUTT, P.C. failed to comply with the validation notice of §1692g are called "overshadowing" claims because the validation notice must not be overshadowed or contradicted by the other language of the collection letter or other messages from the debt collector.

29. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose, to extinguish, among other things abusive, oppressive, deceptive, unfair and unconscionable collection practices in the collection of a debt. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

30. At no point in time were the Plaintiffs offered foreclosure counseling. An unsophisticated consumer would be frustrated and would believe that this practice would be unfair.

31. The Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. have an established pattern and practice of engaging in illegal debt collection practices and in fact engage and use false representation to collect, or attempt to collect, a debt. The Defendant SIROTE & PERMUTT, P.C., knew or should have known that their acts and the acts of their client were unlawful and contrary to the spirit of fairness.

32. Plaintiff alleges that the Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. engaged in unlawful collection practices and established common patterns and practices as more fully described hereto in attempting to collect a consumer related debt.

33. Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. failed to properly supervise his employees, agents and debt collectors.

34. SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. has **overseen the violations of FDCPA** and chose to ignore responsibilities in rectifying these problems.

35. Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. despite having knowledge of the Defendants' flagrant disregard for due process and collection laws.

36. The Plaintiff has suffered the unconscionable debt collection actions of the Defendants for several years.

37. There are illegal amounts added to the judgment by SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C.

38. The acts of the Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. in their attempt to collect on this debt are nonsensical to the least educated consumer, sloppy, confusing, unconscionable, and lacked legal basis.

39. The Defendants have deceived the Plaintiff and engaged in a pattern and practice of unfair and deceptive collection practices.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692

40. Plaintiff's factual allegations 1-39 are realleged as though fully set forth herein.

41. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

42. The Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. are engaged in a collection of a "debt" as defined by § 1692a(5):

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

43. The Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. are in violation of FDCPA, 15 U.S.C. §1692a. The Defendants engaged in "communication" in the collection of a "debt" as defined by § 1692a(5):

> The term "communication" means any obligation or alleged obligation of a consumer to pay money arising out of a judgment.

44. As a consequence of the acts of the defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. Plaintiff is entitled to statutory and actual relief for the acts of the Defendants.

45. Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

46. The allegations above against SELECT PORTFOLIO SERVICING constitute violations of §1692c(a)(2) in that Defendant contacted and communicated with Plaintiff by sending the documents above which were sent directly to Plaintiff despite the fact that Defendant knew that Plaintiff was represented by an attorney, that Plaintiff's attorney had made an appearance in the Action, and had knowledge of, or could easily ascertain, Plaintiff's attorney's name and address.

47. Communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt is strictly prohibited by the FDCPA unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

48. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear, and has incurred additional attorneys fees as a result of the violations herein, and is additionally entitled to statutory damages, costs, and attorneys fees.

49. Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. violated the FDCPA. Defendants' violations including but are not limited to, the following:

   (a) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692d by

engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.
(b) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C.  violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
(c) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.
(d) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
(e) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
(f) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
(g) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C.  violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.
(h) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(i) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.
(j) Defendant SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement

      that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(k) Defendant SELECT PORTFOLIO SERVICING did violate section 15 U.S.C. §1692c(a)(2) by contacting Plaintiff directly despite having actual knowledge that the Plaintiff was represented by legal counsel.

WHEREFORE, Plaintiff demands judgment for damages against SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff MALCOLM JONES requests that this Court enter judgment in Plaintiff's favor and against Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION AND SIROTE & PERMUTT, P.C. for:

a. Statutory and actual damages pursuant 15 U.S.C. §1692k;

b. Attorney's fees, litigant expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)

50. Plaintiff alleges and incorporates the information in the factual allegations 1-39 as though fully restated hereto.

51. Plaintiff is a consumer within the meaning of §559.55(2).

52. SELECT PORTFOLIO SERVICING, SIROTE & PERMUTT, P.C. and SIROTE & PERMUTT, P.C. are debt collectors within the meaning of §559.55(6).

53. Defendants SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. is a debt collector within the meaning of §559.55(6).

54. Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA and FDCPA;

55. Plaintiff did violate the FCCPA and FDCPA. Pursuant to Florida FCCPA, violations of the FDCPA are to be given great weight in considering violations of FCCPA to wit:

> 559.552(5)
>
> > (5) In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.
>
> 559.78 Judicial enforcement.
>
> > --In addition to other penalties provided in this part, state attorneys and their assistants are authorized to apply to the court of competent jurisdiction within their respective jurisdictions, upon the sworn affidavit of any person alleging a violation of any of the provisions of this part.  Such court shall have jurisdiction, upon hearing and for cause shown, to grant a temporary or permanent injunction restraining any person from violating any provision of this part, whether or not there exists an adequate remedy at law;  and such injunction, suspension, or revocation shall issue without bond.
>
> 559.785 Criminal penalty.
>
> > --It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment.

56. All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

57. As a consequence of the acts of the defendants' Plaintiff are entitled to statutory and actual relief for the acts of the Defendants.

58. The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

59. All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

60. Fla. Stat. 559.72(18) makes it a prohibited collection activity to: Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

61. As a consequence of the acts of the defendants' Plaintiff MALCOLM JONES will lose his home.

**WHEREFORE**, Plaintiff demands judgment for damages against SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION and SIROTE & PERMUTT, P.C. for actual and statutory damages, punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

**COUNT III**
**VIOLATION OF REAL ESTATE SETTLEMENT**
**PROCEDURES ACT (RESPA), 12 U.S.C. §2605**

62. The previous paragraphs 1-39 are realleged as though fully set forth herein.

63. Defendants SELECT PORTFOLIO SERVICING is a " Servicer'' of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

64. Dodd-Frank mandates penalties for RESPA violations and response times to QWRs. Section 1463(c) of the Dodd-Frank Act mandates that a Servicer must acknowledge a QWR within five (5) days. The Servicer failed to do so.

65. Dodd-Frank Act mandates that a Servicer must respond within ten (10) business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan. The Servicer failed to do so.

66. Dodd-Frank Act mandates that a Servicer must provide a detailed response to the RFI/QWR in thirty (30) days. The Servicer failed to do so.

67. However, Dodd-Frank allows for a fifteen (15) day extension of the thirty (30) days detailed response time if the Servicer notifies the borrower of the extension and the reason for the delay. The Servicer failed to ask for an extension of time.

68. SELECT PORTFOLIO SERVICING has engaged in a "pattern or practice of noncompliance."

69. Plaintiffs' written requests for information about his account and correction of Defendants' errors were ''qualified written requests'' (QWR) within the meaning of RESPA. Defendants failed to acknowledge the receipt of said QWR within 5 days.

70. SELECT PORTFOLIO SERVICING deliberately failed to respond in a proper and timely manner to Plaintiff's ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

71. Defendants SELECT PORTFOLIO SERVICING engaged in a pattern and practice of violating RESPA.

WHEREFORE, Plaintiff demands judgment against SELECT PORTFOLIO SERVICING for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT IV
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641

72. All paragraphs 1-39 are realleged as though fully set forth herein.

73. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

74. At all times material hereto, Defendant has represented to the Plaintiff to be a "creditor" as the term is defined in 15 U.S.C. §1602(g).

75. U.S. BANK NATIONAL ASSOCIATION stated that is the "holder" and the "holder in due course" for the Plaintiff's note.

76. Upon information and belief, at some time before the receipt of the Plaintiff's RFI/QWR, Plaintiff's note and mortgage was sold one or more time or otherwise transferred purportedly identifying the Defendant as the new owner and/or holder of the note and mortgage.

77. Defendant U.S. BANK NATIONAL ASSOCIATION did not send Plaintiff any notice of the sale or transfer of the First Mortgage or note to Plaintiff, thus violating TILA §131(g) [15 U.S.C. §1641(g)].

78. Plaintiff believes, and evidence expected to be available through further investigation and discovery is likely to show, that at some time after the origination of the Mortgage Loan and note, the First Mortgage Note was sold to Defendant U.S. BANK NATIONAL ASSOCIATION, and that such assignments without notice to Plaintiff entitle Plaintiff to recoupment.

79. Effective October 1, 2009 for all loans secured by borrower's principal dwelling are subject to:

> ***Dodd Frank Act Section 1464***
> *SEC. 1464. TRUTH IN LENDING ACT AMENDMENTS.*
>
> *(a) REQUIREMENTS FOR PROMPT CREDITING OF HOME LOAN PAYMENTS.— Chapter 2 of the Truth in Lending Act (15 U.S.C. 1631 et seq.) is amended by inserting after section 129E (as added by section 1472) the following new section:*
>
> *''§ 129F. Requirements for prompt crediting of home loan payments*
>
> *(b) REQUESTS FOR PAYOFF AMOUNTS.—Chapter 2 of the Truth in Lending Act (15 U.S.C. 1631 et seq.), as amended by this title, is amended by inserting after section 129F (as added by subsection (a)) the following new section:*
>
> *''§ 129G. Requests for payoff amounts of home loan*
>
> ***''A creditor or Servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.''.***
>
> "Prompt" response to payoff requests
>
> Section 1464. Truth in Lending Act Amendments

> (b) Requests for Payoff Amounts- Chapter 2 of the Truth in Lending Act (15 U.S.C. 1631 et seq.), as amended by this title, is amended by inserting after section 129F (as added by subsection (a)) the following new section:
>
> Sec. 129G. Requests for payoff amounts of home loan
>
> `A creditor or Servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.

80. The Defendant U.S. BANK NATIONAL ASSOCIATION failed to comply with Section 1464 of the Truth in Lending Act Amendments Section 129F.

81. The Defendant U.S. BANK NATIONAL ASSOCIATION failed to comply with Section 1464 of the Truth in Lending Act Amendments Section 129G.

82. At all times material hereto, Defendant U.S. BANK NATIONAL ASSOCIATION was and has represented to the Plaintiff to be a "creditor" as the term is defined in 15 U.S.C. §1602(g).

83. U.S. BANK NATIONAL ASSOCIATION was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number under 15 U.S.C. §1641(f)(2) of TILA, which state in part:

> *Under written request by the obligor, the Servicer shall provide the obligor, to the best knowledge of the sevicer, with the name, address and telephone number of the owner of the obligation or the master Servicer of the obligation.*

15 U.S.C. §1641(f)(2).

84. U.S. BANK NATIONAL ASSOCIATION did not properly respond to Plaintiff's written request and did not satisfy the requirements of 15 U.S.C. §1641(f)(2).

85. U.S. BANK NATIONAL ASSOCIATION has failed to or refused to comply with 15 U.S.C. §1641(f)(2) of TILA by not providing the telephone number of the owner or master Servicer of the obligation.

86.  As its sevicer, U.S. BANK NATIONAL ASSOCIATION is/ was the employee and agent of the holder of the note.

87.  Upon information and belief, the unknown owner before the note and mortgage was assigned to U.S. BANK NATIONAL ASSOCIATION for Collection; the unknown Holder In Due Course had considerable control over U.S. BANK NATIONAL ASSOCIATION by virtue of a Servicing Agreement that governs their relationship.

88.  Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was U.S. BANK NATIONAL ASSOCIATION's responding to requests under 15 U.S.C. 1641(f)(2).

89.  Upon information and belief, the owner of the note could have terminate U.S. BANK NATIONAL ASSOCIATION's employment at any Time.

90.  The owner of the note is responsible for U.S. BANK NATIONAL ASSOCIATION's failure to respond properly to Plaintiff's request since U.S. BANK NATIONAL ASSOCIATION was acting in furtherance and within the scope of its employment for the holder in due course.

91.  Plaintiff is entitled to the following damages for failure of TILA by the Holder in due course:  actual damages sustained by Plaintiff pursuant to 15 U.S.C. §1640(a)(1), statutory damages of up to $4,000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

92.  WHEREFORE, Plaintiff demands judgment for damages against U.S. BANK NATIONAL ASSOCIATION and the unknown holder in due course for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a). Further, Plaintiff demands that they be granted relief provided by TILA as to the violation of TILA set forth above, including statutory damages in the amount of $2,000.00; and that the

Plaintiff be granted actual damages if any be prove, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other relief as the Court may deem just and proper.  Plaintiff further demands for an Order of this Court awaiting Plaintiff the relief provided by TILA as to each of the four separate violations of TILA set forth above, including statutory damages in the amount of $4,000.000 for each violation, actual damages and such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted By,

/s/ Joe Pujol

JOE PUJOL, ESQ.
FBN# 082430
litigationlawpa@gmail.com
LITIGATION LAW, P.A.
290 NW 165TH STREET
SUITE P-100
MIAMI, FL 33319
Phone: (305) 944-2238
Fax#:  (888) 510-2918
Co-Counsel for Plaintiff

/s/ Jessica Kerr

JESSICA L. KERR, ESQ.
FBN# 92810
jessicakerresquire@gmail.com
JESSICA L. KERR, P.A.
401 E. LAS OLAS BLVD., STE.
FORT LAUDERDALE, FL 33301
Telephone: (561)667-3854
Facsimile: (888)506-1571
Co-Counsel for Plaintiff