UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 15-cv-80477-MIDDLEBROOKS/Brannon

MALCOLM JONES,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING;
U.S. BANK NATIONAL ASSOCIATION; and
SIROTE & PERMUTT, P.C.,

    Defendants.
_____/

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Select Portfolio Servicing, U.S. Bank National Association, and Sirote and Permutt, P.C. ("Defendants"), hereby submit their reply to Plaintiff's Response In Opposition to Defendants' Motion to Dismiss Complaint and Motion to Strike [DE 30].[1]

### I. INTRODUCTION

Plaintiff's belated and lengthy response to Defendants' motion to dismiss is an attempt to again amend a complaint through a response to a motion, rather than through a properly filed amended complaint. Even these additional allegations, which do not appear in the proposed amended complaint attached to the pending motion for leave to amend (DE 23-1), are insufficient to sustain any claims. All of

---

[1] Rather than simply responding to the motion to dismiss, Plaintiff attempted to include a "motion to strike" within its Response. Plaintiff should not be allowed to use this purported motion (not recognized by the Clerk of Court), to further brief the issues, as further briefing would be an unauthorized sur-reply. As addressed below, there is no legal basis to strike any portion of the motion to dismiss.

Plaintiff's claims still fail the *Twombly/Iqbal* test, either because they are refuted by the exhibits to Plaintiff's complaint, they fail to contain sufficient allegations to sustain the claims, or they fail to identify which Defendants are subject to which claims. Thus, for the same reasons put forth in Defendants' Motion to Dismiss, the Complaint should be dismissed.

## II.  PROCEDURAL BACKGROUND

On May 19, 2015, Defendants filed their Motion to Dismiss the Complaint (DE 11). After multiple extensions to respond were granted through June 19, 2015, on June 22, 2015, Plaintiff first moved to amend his complaint, rather than respond to the motion to dismiss (DE 21). Because of procedural problems with that motion, Plaintiff appropriately struck that motion and refiled its motion for leave to amend the following day, June 23, 2015 (DE 23). After Defendants opposed the motion for leave to amend because the proposed amended complaint did not address the deficiencies identified in the motion to dismiss, at the time due for Plaintiff's reply, Plaintiff moved for leave to file a belated response to the motion to dismiss the original complaint. On July 13, 2015, Plaintiff finally filed his response to Defendants' Motion to Dismiss (DE 30).

### III.  PLAINTIFFS' ADDITIONAL ALLEGATIONS CONTAINED WITHIN THE RESPONSE SHOULD BE IGNORED OR REJECTED AS INSUFFICIENT

Rather than limit his response to arguments opposing dismissal of the claims made within his complaint (or even the pending and proposed amended complaint), Plaintiff makes additional factual allegations regarding Requests for Information

2

(RFI) and Qualified Written Requests (QWR) at ¶¶4 to 6 of the Response that are not included in his actual pleadings in this case. A party cannot amend its complaint through an opposition to a motion to dismiss. *Burgess v. Religious Technology Center, Inc.*, 600 Fed. App'x. 657, 665 (11th Cir. Jan. 26, 2015). Although the documents themselves need not necessarily all be attached to a pleading, to simply label a purported series of communications as RFI's and QWR's without at least describing how the communications meet the definitions of these terms in the statute or regulation runs afoul of the standards explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, the *Twombly/Iqbal* standard is conspicuously absent from Plaintiff's response. As this Court is aware, to survive a motion to dismiss, a complaint must contain more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. Thus, the additional allegations attempting to support the RESPA claim in Count III of the initial Complaint should be ignored, and the RESPA claim should be dismissed for the reasons expressed in Defendant's Motion to Dismiss.[2]

---

[2] Defendants note that the proposed Amended Complaint includes a RESPA claim in Count II that is substantially similar to the RESPA claim in Count III of the present complaint. The Court could therefore grant the present motion to dismiss and deny the motion for leave for leave to amend on the grounds of futility.

### IV. PLAINTIFF'S CLAIMS IN COUNTS I AND II UNDER THE FDCPA AND FCCPA REMAIN CONTRADICTED BY THE EXHIBITS AND/OR ARE CONCLUSORY WITHOUT SUFFICIENT FACTUAL ALLEGATIONS

In his response, Plaintiff addresses his Fair Debt Collections Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") claims by asserting that SPS sent letters directly to Plaintiff instead of his foreclosure counsel, Bruce Botsford, Esq. However, the only letters presented with the Complaint and proposed Amended Complaint show that Plaintiff wanted the responsive letters to be sent to his other representatives, and not to Mr. Botsford.[3] The letters attached to the Complaint and Amended Complaint confirm that Defendant SPS sent its letters to the address indicated in the letter it received – an address apparently used by Da'vid Abellard, Jr., one of Plaintiff's authorized representatives. Thus, contrary to the reply and the "motion to strike," the allegation against Defendant SPS that it communicated with Plaintiff "directly" despite the fact that Defendant knew that Plaintiff was represented by an attorney is contradicted by Exhibits 1 and 2 to the Complaint. Plaintiff himself signed his letter in Exhibit 1 with a return address care of Suite 130 of 401 East Las Olas Blvd. in Fort Lauderdale, Florida. Exhibit 2 is clear that the letter was in fact sent to the address at 401 East Las Olas Blvd., which

---

[3] While Defendants acknowledge that RESPA allows a borrower to designate an authorized third party other than an attorney to receive responses to RFI's and QWR's, in this case, Plaintiff has engaged in a bit of a shell game, in that Mr. Botsford has indicated to the Sirote firm that he is not involved in the loan mitigation process, and that "neither my name nor my address even appears on the RFI's or Notice of Errors." See Email dated June 15, 2015 from Bruce Botsford, Esq. to Marni Avidon, Esq. of Sirote & Permutt.

4

#36485557_v2

Defendants now understand is the address of Plaintiff's authorized representative.[4] Thus, the allegations in Counts I and II, and in ¶22, that the response was "sent directly to the Plaintiff and not to his counsel of record" is insufficient to state a cause of action in Count I under 15 U.S.C. §1692c(a)(2) (and Count II under Fla. Stat. §559.72(18)), as it is refuted by the exhibits.

Plaintiff contends that for the remainder of the purported FDCPA violations in Count I, at ¶¶ 49(a) through (k), he need not make additional factual allegations. Whether or not this mere listing of additional alleged violations complies with Fed. R. Civ. P. 10(b) (see p. 10 of Motion to Dismiss), under the *Twombly/Iqbal* standard, ¶ 49 is devoid of factual allegations, and there are no factual allegations elsewhere in the Complaint that would support the eleven different FDCPA subsections listed in ¶ 49.[5] Therefore, under the *Twombly/Iqbal* standard, Plaintiff has failed to state a claim for relief in Counts I and II.

### V.   THE LITIGATION PRIVILEGE APPLIES TO BAR THE FCCPA CLAIMS IF THE ACTS RELATE TO THE FORECLOSURE ACTION

Defendants' motion to dismiss only sought to apply Florida's litigation privilege to the FCCPA claims in Count II of the Complaint (Count V of Amended

---

[4] The authorized representative who uses this P.O. Box address at 401 E. Las Olas Blvd. is apparently Da'vid Abellard, Jr., who had or has a professional relationship with attorney Bruce Botsford (Mr. Jones's counsel in the state court proceeding), as he has attended court proceedings in the state court foreclosure proceeding alongside counsel for Mr. Jones. Mr. Abellard is not an attorney himself, though undersigned counsel mistakenly believed he was at the time of the filing of the motion to dismiss.

[5] Defendants note that the proposed Amended Complaint contains the same verbatim allegations for the FDCPA claims (relabeled as Count IV) and the FCCPA claims (relabeled as Count V), and therefore the pending motion for leave to amend may be denied on grounds of futility.

5

Complaint), in particular the claim found in ¶56 of the Complaint regarding attempts to enforce a debt knowing that the debt is not legitimate. See Motion to Dismiss at p. 6. Plaintiff has failed to identify any other actions of Defendants that could be violative of Fla. Stat. § 559.72(9), other than actions taken during the course of the foreclosure action, or actions involving letters sent to Plaintiff in relation to the foreclosure action. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (foreclosure action involving letters sent to debtors by counsel). Thus, the FCCPA claims in Count II should be dismissed pursuant to the litigation privilege.

## VI. PLAINTIFF HAS FAILED TO ADDRESS THE ARGUMENTS IN SUPPORT OF DISMISSING THE TILA CLAIM

Defendants argued in their motion to dismiss that Plaintiff failed to sufficiently state any of the purported Truth in Lending Act ("TILA") claims. Plaintiff did not address these arguments specifically, but rather includes two pages of legal arguments regarding the importance of TILA as a consumer protection statute. Defendants take no issue with the cited case law – but point out here that Plaintiff has failed to correct the pleading deficiencies of what is actually plead in the Complaint,[6] and is clearly using TILA for the same purposes as the plaintiff in *Guillaume v. Federal National Mortgage Assoc.*, 928 F. Supp. 2d 1337, 1341-42 (SD Fla. 2013).

---

[6] Again, the proposed Amended Complaint, which renumbered the TILA claim as Count I, continues the same pleading deficiencies, and continues to only name Defendant U.S. Bank as a defendant to the TILA claim. As previously noted and explained to Plaintiff, U.S. Bank is only a trustee, while the Trust is the identified owner of the account. See Exhibits 2 and 4 of the Complaint.

6

#36485557_v2

## VII. THERE IS NO BASIS TO STRIKE ANY PORTION OF THE MOTION TO DISMISS

Within his response, Plaintiff attempts to set forth a motion to strike under Fed. R.Civ.P. 12(f). The case law cited by Plaintiff shows that striking material is a "drastic remedy." Plaintiff's argument appears to be that Defendants' arguments are wrong as to whom Defendant SPS sent its communications, and Plaintiff's arguments are further based upon facts not presented in the Complaint. Clearly, the issue as to whom Defendant SPS sent its correspondence is a critical issue in this case, and is therefore not "redundant or immaterial" under Rule 12(f). Defendants have clarified their arguments in this reply as to which of Plaintiff's various representatives were sent Exhibits 2 and 3 to the Complaint. As such, Plaintiff has failed to show why portions of Defendants' motion to dismiss should be stricken.

## CONCLUSION

The Court should grant Defendants' Motion to Dismiss.

July 21, 2015

Respectfully submitted,

HOLLAND & KNIGHT LLP
Counsel for Defendants
515 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Phone: (954) 525-1000
Fax: (954) 463-2030

By:   */s/ Philip E. Rothschild*
Brian K. Hole
Florida Bar No. 0019968
brian.hole@hklaw.com
Philip E. Rothschild
Florida Bar No. 0088536
phil.rothschild@hklaw.com

7

...

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Philip E. Rothschild*
Philip E. Rothschild, Esq.

## SERVICE LIST

Jose Luis Pujol, Esq.
Litigation Law, P.A.
290 NW 165th Street
Suite P-100
Miami, FL 33169
Email: litigationlawpa@gmail.com
*Co-counsel for Plaintiff*

Jessica Lynn Kerr, Esq.
Jessica L. Kerr, P.A.
401 E. Las Olas Blvd.
Fort Lauderdale, FL 33301
Email: jessicakerresquire@gmail.com
*Co-counsel for Plaintiff*

#36485557_v2